```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**CATHERINE E. JOHNSON,**

      Petitioner,

    vs.                            **Civil Action 2:16-cv-528**
                                    **Criminal No. 2:10-cr-185**
                                    **Judge Watson**
                                    **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

      Respondent.

## REPORT AND RECOMMENDATION

In 2011, Petitioner was convicted on her pleas of guilty to two (2) counts of attempting to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (Counts 1 and 3 of the *Information*), and two counts of carrying and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), 2 (Counts 2 and 4 of the *Information*). The *Plea Agreement*, ECF No. 16, was executed pursuant to the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, *id.* at PAGEID# 51, and Petitioner was sentenced to an aggregate term of imprisonment of 150 months. *Amended Judgment*, ECF No. 37. Petitioner did not file an appeal from her conviction or sentence. This matter is now before the Court on Petitioner's June 2016 *Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 40 ("*Motion to Vacate*"), Respondent's *Motion to Dismiss*, ECF No. 42, and Petitioner's *Response to the Motion to Dismiss*, ECF No. 43. For the reasons that follow, it is recommended that the *Motion to Dismiss* be granted.

> The *Motion to Vacate* raises a single ground for relief:
>
> Movant received an enhanced sentence pursuant to 18 U.S.C. Section 924(c)(1)(A)(i). The language in 924 mirrors the language of the residual clause of the Armed Career Criminal Act. The Supreme Court declared in *Johnson* [*v. United States*, 135 S.Ct. 2551 (2015)] that the residual clause in the ACCA is void as unconstitutional[ly] vague. Accordingly, Section 924 which parallels the residual clause is unconstitutionally vague and Movant's sentence should be overturned.

*Motion to Vacate*, PAGEID# 146. Petitioner asks that her sentence be vacated and that she be resentenced "without the 924(c) enhancement." *Id*. at PAGEID# 155. Respondent argues in the *Motion to Dismiss* that the United States Court of Appeals for the Sixth Circuit has rejected Petitioner's contention in this regard. This Court agrees.

The Supreme Court of the United States held in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and violates the Constitution's guarantee of due process. *Id*. The Supreme Court also held that the rule announced in *Johnson* is to be retroactively applied to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). However, Petitioner was not convicted or sentenced under the residual clause of the ACCA, 18 U.S.C. § 924(e). Rather, Petitioner was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A), which requires a particular sentence for "any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." Of course, Petitioner admitted her guilt to the two drug trafficking crimes that served as the predicate offenses to her convictions under 18 U.S.C. § 924(c)(1)(A). The United States Court of Appeals for the Sixth Circuit has held that *Johnson* had no impact on

2

the validity of a conviction under 18 U.S.C. § 924(c). *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). In response to the *Motion to Dismiss*, Petitioner insists that *Johnson* requires that her enhanced sentences be vacated. However, this Court is bound by the holding in *Taylor*.

Petitioner also argues for the first time in her response to the *Motion to Dismiss* that she is entitled to a downward adjustment of two to four levels because she was a minor participant in the drug conspiracy and is therefore entitled to the Sentencing Commissioner's clarifying amendment to the sentencing guideline governing minor role reductions, U.S.S.G. § 3B1.2(b) ("Amendment 794"). In support of this argument, Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). That case, which held that Amendment 794 is to be applied retroactively to cases on direct appeal, is simply inapplicable to these collateral proceedings under § 2255. Moreover, claims involving errors in the application of the Sentencing Guidelines, which are non-constitutional errors, generally are not cognizable in an action under 28 U.S.C. § 2255. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)("[A]n error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 unless there is a complete miscarriage of justice.").[1]

It is therefore **RECOMMENDED** that the *Motion to Dismiss* be granted and that the *Motion to Vacate* be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

---

[1] The Court expresses no opinion on the merits of a sentence reduction proceeding under 18 U.S.C. § 3582(c)(2), should Petitioner pursue such relief.

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                              *s/Norah McCann King*
                                              Norah M$^c$Cann King
September 22, 2016           United States Magistrate Judge