IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CATHERINE E. JOHNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:16-cv-528
Crim. No. 2:10-cr-185
JUDGE WATSON
Magistrate Judge King

## OPINION AND ORDER

In 2011, Petitioner was convicted on her pleas of guilty to two (2) counts of attempting to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 and two counts of carrying and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), 2. In June 2016, Petitioner filed the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 40), in response to which Respondent filed the *Motion to Dismiss* (ECF No. 42). On September 22, 2016, the Magistrate Judge recommended that the *Motion to Dismiss* be granted and that this action be dismissed. *Report and Recommendation* (ECF No. 44). Petitioner objects to that recommendation. *Objection* (ECF No. 45). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 45) is **OVERRULED**.

Petitioner alleges in her *Motion to Vacate* that her firearms convictions under 18 U.S.C. § 924(c)(1)(A)(i), (ii) are constitutionally invalid in view of the United States Supreme Court's decision in *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015)(declaring the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act to be unconstitutionally vague). She argues in her response to the *Motion to Dismiss* that she is entitled to a downward

adjustment in her sentence based on her minor role in the offense under U.S.S.G. § 3B1.2(b), in view of Amendment 794 to the United States Sentencing Guidelines, made effective November 1, 2015. *Response to the Motion to Dismiss* (ECF No. 43). The Magistrate Judge recommended dismissal of both claims on the merits.

As the Magistrate Judge noted, the United States Court of Appeals for the Sixth Circuit has held that *Johnson* does not affect the constitutional validity of the residual clause of 18 U.S.C. § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). Petitioner argues that *Taylor* does not foreclose her claim to relief because she was not convicted under the residual clause of § 924(c)(3)(B) but rather under § 924(c)(1)(A).[1] Additionally, Petitioner maintains that Amendment 794 constitutes an intervening change in law and a clarifying amendment that may be retroactively applied to cases on collateral review. She objects to the Magistrate Judge's conclusion to the contrary.

Petitioner's objections are not well taken. Because Petitioner's convictions under § 924(c)(1)(A) were based upon her carrying and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A), her convictions do not implicate, even by analogy, the residual clause declared unconstitutional in *Johnson*. In any event, and as the Magistrate Judge noted, this Court is bound by the Sixth Circuit's decision in *Taylor*.

---

[1] 18 U.S.C. § 924(c)(1)(A) requires an enhanced punishment for any person who uses, carries, or possesses a firearm "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. Section 924(c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

"Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015) (footnote omitted).

Moreover, and even assuming that Petitioner may properly raise a new claim for the first time in response to the *Motion to Dismiss*, this Court agrees with the Magistrate Judge that Amendment 794 does not apply to these collateral proceedings. Petitioner relies on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 applies retroactively to proceedings on direct appeal. *Id.* at 523. However, that case did not hold that such relief is available on collateral review, and other courts have concluded that it is not. *See Aguas-Landaverde v. United States*, No. 2:16-cv-00854, 2:15-cr-00183(2), 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016)(citing *Jones v. United States*, 2016 U.S. Dist. LEXIS 126058, at *3 (E.D.N.C. Sept. 16, 2016) ("Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guidelines amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed.")(citing *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)); *United States v. Tapia*, 2016 U.S. Dist. LEXIS 124706, at *2, 2016 WL 4815150 (M.D. Fla. Sept. 14, 2016); *Young v. United States*, 2016 U.S. Dist. LEXIS 112765, at *3–4, 2016 WL 4472937 (C.D. Ill. Aug. 24, 2016). This Court agrees with those decisions.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 45) is **OVERRULED**. The *Report and Recommendation* (ECF No. 44) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 42) is **GRANTED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**MICHAEL H. WATSON**
**United States District Judge**

3